# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Courtney Roehrig<br>    *Plaintiff*<br><br>v.<br><br>Midland Funding, LLC<br>    *Defendant*<br>Serve:<br>    Corporation Service Company<br>    421 W. Main Street<br>    Frankfort, KY 40601 | Case No. 3:16-CV-221-DJH |

## CLASS ACTION COMPLAINT
## and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by a consumer seeking injunctive relief and damages for herself and on behalf of all similarly-situated Kentucky citizens for Defendant Midland Funding, LLC's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. Midland Funding, LLC ("Midland") filed a lawsuit (the "State Court Suit") against Plaintiff Courtney Roehrig ("Roehrig") on January 5, 2015 in the District Court of Oldham County, Kentucky in an attempt to collect a debt. Midland obtained a default judgment (the "Judgment") against Ms. Roehrig in the State Court Suit on February 26, 2015. At no time after the date of entry of the default judgment did Midland file a bill of costs as required by Ky. R. Civ. P. 54.04 in order to recover its court costs expended.

3. Between May 27, 2015 and March 31, 2016, Midland attempted to collect the Judgment by means of a series of non-wage garnishments. In its non-wage garnishments,

-2-

Midland sought to collect its court costs expended, even though it had not filed a Ky. R. Civ. P. 54.04 bill of costs, in violation of the FDCPA. Through its non-wage garnishments, Midland collected approximately $300 from Ms. Roehrig, a portion of which Midland applied towards its court costs in the State Court Suit.

4. As a pattern and practice Midland has collected or attempted to collect court costs after obtaining judgment against numerous other Kentucky consumers via similar debt collection lawsuits, like the State Court Suit against Ms. Roehrig, and for which it did not comply with the requirements of filing and serving a bill of costs as required by Ky. R. Civ. P. 54.04 prior to collecting or attempting to collect such court costs. These acts by Midland in illegally attempting to collect or collecting a consumer debt violate the FDCPA for which Ms. Roehrig on behalf of herself and members of proposed classes seek statutory damages, actual damages, and injunctive relief.

## JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

6. Plaintiff Courtney Roehrig is a natural person who resides in Oldham County, Ky. Ms. Roehrig is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

7. Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debts from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

8. Midland is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

**FACTS**

9. On January 5, 2015, Midland filed a complaint in the Oldham District Court against Ms. Roehrig under case number 15-C-00004 (the "State Court Suit") in an attempt to collect a defaulted credit account.

10. Ms. Roehrig used the account at the basis of the State Court Suit exclusively for personal, family, and household purposes, which makes the debt a "debt" within the meaning of the FDCPA.

11. On February 26, 2015, Midland obtained a default judgment in the State Court Suit (the "Judgment"). A copy of the Judgment is attached hereto as Exhibit "A."

12. The Judgment awarded Midland "the sum of $596.17 with 12% per annum from date of judgment until paid, plus court costs."

13. At no time between February 26, 2015 and the date of this Complaint did Midland prepare and serve a bill of costs in accordance with Ky. R. Civ. P. 54.04 in order to recover any sum certain of court costs in obtaining the Judgment.

14. On May 26, 2015, Midland filed a non-wage garnishment in an attempt to collect the Judgment (the "First Garnishment"). A copy of the First Garnishment is attached hereto as Exhibit "B."

15. The "Amount Due" on the Judgment as stated on the First Garnishment was $760.02. This represents $146.21 more than the amount of principal plus interest due and owing on the judgment as of May 26, 2015, the date on which the First Garnishment was filed ($596.17 + 17.64).

16. Upon information and belief, the additional amount of $146.21 represents

Midland's alleged court costs and other litigation expenses in the State Court Suit.

17. Midland also improperly included Ms. Roehrig's full Social Security number in the court record file of the Bullitt Circuit Court by fully stating it on the face of the First Garnishment, in violation of Ky. R. Civ. P. 7.03(1).

18. Midland filed four additional non-wage garnishments to collect the Judgment between November 10, 2015 and March 31, 2016. Together, the First Garnishment and the subsequent four non-wage garnishments collected approximately $300 from Ms. Roehrig.

19. Midland applied some portion of the approximately $300 it collected from Ms. Roehrig to its court costs expended in the State Court Suit, even though it has never filed and served a bill of costs pursuant to Ky. R. Civ. P. 54.04.

20. As a pattern and practice Midland has collected or attempted to collect court costs and other litigation expenses pursuant to judgments it obtained against numerous Kentucky consumers for "debts" within the meaning of the FDCPA that it had no legal right to collect under Kentucky law.

## CLASS ALLEGATIONS

21. Plaintiff Courtney Roehrig ("Roehrig") brings this action individually and as a class action on behalf of all persons in the Commonwealth of Kentucky similarly situated comprised of the following persons:

**Class One:** All Kentucky consumers against whom Defendant Midland Funding, LLC, or its agents, employees, or representatives, within one year of the date of filing this complaint, illegally collected or attempted to collect court costs to which it was not entitled by judgment from the consumer where the judgment did not award Midland its court costs, and/or without first filing and serving a bill of costs with the court and obtaining a supplemental judgment for

costs as required by Ky. R. Civ. P. 54.04.

22. This action seeks the maximum statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2) and actual damages be awarded Plaintiff and all members of the Class for Midland's violations of the FDCPA.

23. This action also seeks injunctive relief enjoining Midland from seeking to collect or collecting court costs and other collection expenses it has no legal right to collect or attempt to collect from consumers pursuant to judgments obtained in the courts of the Commonwealth of Kentucky.

24. The proposed Class as set out *supra* and so represented by Plaintiff Courtney Roehrig in this action, and of which she herself is a member, consists of those persons defined above which are so numerous that joinder of individual members is impracticable.

25. Plaintiff's claims are typical of the claims of the proposed Class as set out *supra*.

26. There are common questions of law and fact applicable to the members of the proposed Class in this action that relate to and affect the rights of each member of the proposed classes, and the relief sought is common to the entire proposed class. In particular, all members of the proposed Class have the same issues of law in common:

(a) Whether Midland had the right to collect or attempt to collect from consumers court costs expended in obtaining Kentucky state court judgments when the judgment against the consumer did not award Midland its court costs;

(b) Whether Midland acted illegally in attempting to collect court costs or post judgment collection expenses without first filing and serving a bill of costs as required by Ky. R. Civ. P. 54.04.

27. There is no known conflict between Plaintiff and any other members of the

proposed Class with respect to this action, or with respect to the claims for relief herein set forth.

28. Plaintiff is the representative party for the proposed Class and is able to, and will, fairly and adequately protect the interest of each of the proposed Class.

29. Plaintiff's attorney is experienced and capable in the field of consumer rights, including FDCPA violations.

30. Plaintiff's attorney has successfully represented other claimants in similar litigation.

31. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the proposed Class creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

32. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

33. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Class will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

34. The identity of each individual member of the proposed class can be ascertained from the books and records maintained by Defendant.

35. Because many of the persons who comprise the proposed class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

36. The above-described actions by Midland Funding, LLC ("Midland") constitute violations of the Fair Debt Collection Practices Act.

37. Defendant Midland's violations of the FDCPA include, but are not limited to, the following:

A. Violation of 15 U.S.C. 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt;

B. Violation of 15 U.S.C. 1692e(2)(A) by the false representation of the character, amount, or legal status of any debt;

C. Violation of 15 U.S.C. 1692e(2)(B) by the false representation of compensation which may be lawfully received by any debt collector for the collection of a debt;

D. Violation of 15 U.S.C. 1692e(5) by threatening to take an action that cannot legally be taken or that is not intended to be taken;

E. Violation of 15 U.S.C. 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt;

F.     Violation of 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect a debt;

G.     Violation of 15 U.S.C. 1692f(1) by the collection or attempt to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount is not expressly authorized by an agreement creating the debt or permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Courtney Roehrig requests the Court grant her relief as follows:

a.     Award the maximum amount of statutory damages for each member of the proposed classes provided under 15 U.S.C. §1692k;

b.     Award Plaintiff Courtney Roehrig and the members of the proposed classes their actual damages for court costs paid;

c.     Issue an injunction enjoining Midland from collecting or attempting to collect court costs expended in obtaining judgments in District or Circuit Courts of the Commonwealth of Kentucky when the judgment against the consumer did not award Midland its court costs, and/or without filing and serving a bill of costs and obtaining a supplemental judgment for costs pursuant to Ky. R. Civ. P. 54.04;

d.     Award Plaintiff Courtney Roehrig and the members of the proposed classes their attorney's fees, litigation expenses and costs as provided by FDCPA;

e.     A trial by jury; and

f.     Such other relief as may be just and proper.

Submitted by:

/s/ James McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309

James H. Lawson
*Lawson at Law, PLLC*

-9-

        115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com